J-S62013-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRIAN CHARLES | |
| Appellant | No. 33 MDA 2017 |

Appeal from the PCRA Order entered November 29, 2016
In the Court of Common Pleas of Dauphin County
Criminal Division at Nos: CP-22-CR-0000456-1995; CP-22-CR-0003728-1994; CP-22-CR-0003279-1994; CP-22-CR-0003727-1994

BEFORE:  STABILE, MOULTON, and STRASSBURGER,* JJ.

MEMORANDUM BY STABILE, J.:                    **FILED DECEMBER 06, 2017**

Appellant, Brian Charles, appeals from the November 29, 2016 order entered in the Court of Common Pleas of Dauphin County, dismissing his petition for collateral relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Appellant argues the PCRA court erred in dismissing the instant PCRA petition.  We disagree.  Accordingly, we affirm.

The underlying facts of this matter are not in dispute.[1]  A previous panel of this Court adequately summarized the procedural history as follows.

_____

* Retired Senior Judge assigned to the Superior Court.

[1] It also undisputed that Appellant was a "youth," *i.e.*, 21 years old at the time he committed the underlying crimes.  **See** Appellant's Brief at 9.

On April 13, 1995, following a jury trial, [A]ppellant was found guilty of first degree murder, two counts of robbery, one count of robbery of a motor vehicle, one count of possession of prohibited offensive weapons, and four counts of criminal conspiracy. On May 19, 1995, [A]ppellant was sentenced to life imprisonment followed by a consecutive term of five to ten years' imprisonment. After a timely appeal was filed, this [C]ourt vacated [A]ppellant's judgment of sentence on May 8, 1996, and remanded the case for an evidentiary hearing on [A]ppellant's ineffectiveness claims. Evidentiary hearings took place on June 28, 1996. The trial court held that [A]ppellant's ineffectiveness claims were without merit and reinstated the judgment of sentence on September 19, 1996. On March 5, 1998, still on direct appeal, this [Court] affirmed the trial court's decision denying [A]ppellant relief. Our [S]upreme [C]ourt denied allocatur on August 12, 1998. Appellant did not seek review with the United States Supreme Court.

**Commonwealth v. Charles**, No. 1863 MDA 2003, unpublished memorandum at 1-2 (Pa. Super. filed October 7, 2004) (citations omitted).

Appellant filed the instant PCRA petition on March 29, 2016, which he amended on September 7, 2016. The PCRA court dismissed the amended petition on November 29, 2016. This appeal followed.

Appellant argues that his mandatory life-without-parole sentence for homicide, which he committed while he was a youth, is unconstitutional, under **Miller v. Alabama**, 132 S.Ct. 2455 (2012)[2] and **Montgomery v. Louisiana**,

---

[2] **Miller** held that "mandatory life without parole for those *under the age of 18 at the time of their crimes* violates the Eighth Amendment's prohibition on 'cruel and unusual' punishments." **Miller**, 132 S.Ct. at 2460 (emphasis added).

136 S.Ct. 718 (2016).[3] PCRA Petition, 9/12/16, at 3-4; Appellant's Brief at 5. We disagree.

"[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014). All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to timeliness applies. 42 Pa.C.S.A. § 9545(b)(1). "The PCRA's time restrictions are jurisdictional in nature. Thus, [i]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006) (first alteration in original) (internal citations and quotation marks omitted). As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely filed. *See Commonwealth v. Stokes*, 959 A.2d 306, 310 (Pa. 2008) (consideration of *Brady* claim separate from consideration of its timeliness). The timeliness requirements of the PCRA petition must be met, even if the

---

[3] In *Montgomery*, the Unites States Supreme Court held that *Miller* was a new substantive rule that, under the United States Constitution, must be retroactively applied in cases on state collateral review. *Montgomery*, 136 S.Ct. at 736.

underlying claim is a challenge to the legality of the sentence. *See Commonwealth v. Holmes*, 933 A.2d 57, 60 (Pa. 2007) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto") (citing *Commonwealth v. Fahy*, 737 A.2d 214, 223 (1999)).

We must first determine whether the instant petition is timely. As noted above, Appellant filed the instant petition in 2016, approximately 17 years after his judgment of sentence became final.[4] As such, the instant petition is facially untimely. To overcome the untimeliness of the petition, a petitioner must allege and prove one of the exceptions to the one-year time bar, codified at 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). These exceptions include governmental interference, newly-discovered facts, and after-recognized constitutional rights. Here, Appellant argues he meets the requirements of the after-recognized constitutional right exception, codified in 42 Pa.C.S.A. § 9545(b)(1)(iii).[5] Specifically, Appellant argues that he is entitled to review based on *Miller*, as interpreted by *Montgomery*.

---

[4] Appellant's judgment of sentence became final on November 12, 1998, ninety days after our Supreme Court denied allowance of appeal on August 12, 1998. *See Commonwealth v. Charles*, 1863 MDA 2003, unpublished memorandum at 3 (Pa. Super. filed October 7, 2004) (citing 42 Pa.C.S.A. § 9545(b)(3); U.S. Supreme Court Rule 13).

[5] Section 9545(b)(1)(iii) provides as follows:

Even if ***Montgomery*** would make his petition timely, Appellant is not entitled to relief under ***Miller***. We have repeatedly held that ***Miller*** does not apply to defendants who were eighteen or older when they committed murder. ***See***, ***e.g.***, ***Commonwealth v. Furgess***, 149 A.3d 90, 94 (Pa. Super. 2016). As noted above, Appellant was 21 years old at the time of the underlying crimes. Accordingly, Appellant has no claim under ***Miller***. Because Appellant has no claim under ***Miller***, ***Montgomery*** does not affect the instant matter.

Appellant also argues that he is due relief because equal protection requires that adults are entitled to same protection as juveniles. We disagree. Appellant is not similarly situated to the juvenile offenders at issue in ***Miller***. Indeed, the crux of ***Miller***'s holding is that children and adults are "constitutionally different . . . for purposes of sentencing." ***Miller,*** 132 S.Ct. at 2464. In light of his age at the time he committed the underlying crimes, Appellant is not similarly situated to the juvenile offenders at issue in ***Miller.***

---

(1)    Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

    . . .

    (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(iii).

The claim, therefore, is meritless. *See City of Cleburne v. Cleburne Living Ctr.,* 473 U.S. 432, 439 (1985) (explaining that the Equal Protection Clause of the Fourteenth Amendment "is essentially a direction that all persons similarly situated should be treated alike.").

In his reply brief, Appellant now emphasizes his claims are not based on *Miller* or *Montgomery*. Appellant, however, fails to explain how characterizing his Equal Protection claim or an Eighth Amendment claim as independent from *Miller* and *Montgomery* would make those claims timely for purposes of the PCRA. Simply because Appellant alleges a constitutional violation, it does not mean that the alleged violation can be raised at any time. Indeed, even claims of constitutional dimension must be raised timely. *See Commonwealth v. Turner*, 80 A.3d 754, 767 (Pa. 2013) ("we have already held that, in the context of the jurisdictional timeliness restrictions on the right to bring a PCRA petition, the constitutional nature of a collateral claim does not overcome the legislature's restrictions on collateral review") (internal citation omitted). Here, Appellant failed to raise the claim in a timely manner. Indeed, the issue has been raised in his reply brief for the first time. Even if we were to deem the issue raised for the first time in the instant PCRA petition, it would be nonetheless untimely.

In light of the foregoing, we conclude the PCRA court properly dismissed the instant petition as untimely. Accordingly, Appellant is entitled to no relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/6/2017